Mynderse *v.* Snook.

## MYNDERSE *vs.* SNOOK & STEVENS.

In an action upon a promissory note made by the defendants, payable to the plaintiff or his order, the defendants set up a defense that the note belonged to the plaintiff and one V. as partners, under the firm name of " M. & Co. ; " and they set up a counter-claim in their favor against M. & V. as such part-ners. On the trial they gave evidence tending to show that the money advanced, and for which the note was given, was advanced in pursuance of a contract between them and M. & Co. and was the money of M. & Co.; also to show a breach of the contract by M. & Co. and that damages had accrued to the defendants from such breach.

The plaintiff testified that the money advanced was his money, and that the note belonged to him, and V. had no interest in the same or in the money.

*Held* that the plaintiff, owning and holding the note in his own right, could maintain an action thereon, in his own name alone, to recover the amount due by its terms. And that if the question of the exclusive ownership of the note by the plaintiff was of any importance, it should have been sub-mitted to the jury ; at least the plaintiff should not have been nonsuited on that question.

*Held, also,* that the circumstance that the money for which the note was given was advanced upon the contract, did not make it necessary for the parties to the contract to unite in an action upon such note ; the contract itself pro-viding that the defendants should give their note for money to be loaned by the plaintiff, without saying to whom the same should be made payable, and the note being severed from the contract, by the act and consent of all the parties, at the time it was executed.

The note, in such a case, is no part of the agreement, but a separate and inde-pendent promise made by the defendants in execution and fulfillment, *pro tanto,* of that part of the agreement on their part.

Mynderse *v.* Snook.

THIS was an action brought by the plaintiff against the defendants upon a note for $1000, dated October 6, 1866, made by the defendants, payable to the order of the plaintiff, on the first day of March then next, with interest. The answer of the defendants was of a threefold character:

1st. That the plaintiff and one E. M. Van Cleef were partners in the distillery business at Dresden, Yates Co., doing business under the name, style and firm of Mynderse & Co.; that the note belonged to such firm; and that Van Cleef should have been joined as a party plaintiff in the action. The second answer sets up the making and execution of a written agreement between the firm of Mynderse & Co. and the defendants, on the 28th day of September, 1866, by which Mynderse & Co. agreed to furnish distillery slops, &c. to feed 250 hogs, until the first of March following, at sixteen cents each per head per week, and also to loan to the defendants $1000 for the purchase of said hogs, upon their note with interest until the first day of March, the time for which they were to be fed, the loan to be a lien on the hogs until paid. That, in pursuance of that agreement, Mynderse & Co. loaned to the defendants the $1,000 for which the note was given. The answer then alleges the breach of the agreement by Mynderse & Co. in not giving the hogs sufficient food, &c. the effect, &c. and claimed damages to the amount of $4,000, which damages were set up as a counter-claim, recoupment, or in bar of the action. The plaintiff replied denying the matters stated in the answer.

The action came on for trial at the Yates circuit in December, 1867, before Justice Welles and a jury. The plaintiff proved his sole ownership of the note by his own testimony and that of Van Cleef; and again by Mynderse re-called, and the testimony of other witnesses. The defendants attempted to rebut this proof by their own and other testimony. At the close of the proof, his honor the judge held and decided as matter of law: "That the money

Mynderse *v.* Snook.

for which the note was given, was advanced by the firm of Mynderse & Co. to the defendants upon their agreement, and that whatever the rights of Mynderse and Van Cleef were as between themselves, this was a transaction by the firm, and Mynderse alone could not maintain an action on the note," and upon that ground nonsuited the plaintiff.

The plaintiff, upon a case and exceptions, moved to set aside the nonsuit and for a new trial.

*Morris Brown*, for the plaintiff.

*E. G. Lapham*, for the defendants.

*By the Court*, JOHNSON, J. I do not see upon what ground a nonsuit could have been granted, properly, in this case. The note upon its face was payable to the plaintiff only, or to his order. The defendants set up by way of defence in their answer, that the note belonged to the plaintiff and one Van Cleef as parties who were engaged in business under the firm name of "Mynderse & Co." and also a counter-claim in their favor against Mynderse and Van Cleef as such parties. The defendants gave evidence to show that the money for which the note was given, was advanced, and such note was given in pursuance of a contract between the defendants and Mynderse & Co. by which a quantity of hogs were to be purchased by the defendants and delivered to Mynderse & Co. to be fed and fattened for the defendants. This evidence tended to show that the money advanced and for which the note was given was the money of Mynderse & Co. They also gave evidence tending to show a breach of the contract by Mynderse & Co. and that damages had accrued to the defendants from such breach. The plaintiff, on the other side, testified that the note belonged to him exclusively and that the money advanced was his money, in which Van Cleef had no interest, and that he had none whatever in the note. In this the plaintiff was sustained by the testi-

Mynderse *v.* Snook.

mony of Van Cleef. The court ruled as matter of law that the plaintiff could not maintain an action in his own name alone, to recover the amount due by the terms of the note. It is difficult to see upon what ground such a result could have been arrived at. The defendants had promised to pay the plaintiff alone, as plainly appeared upon the face of the note. The action was upon this promise, and, for aught I can see, was properly in the name of the promissee who held the obligation. If the question of the exclusive ownership by the plaintiff was of any importance it should have been submitted to the jury; at least the plaintiff should not have been nonsuited on that question. The ruling seems to have been put upon the ground that even if Van Cleef had no interest in the note, or in the money for which it was given, still no action could be maintained by the plaintiff without making him a party plaintiff. This was the ground upon which the nonsuit was asked by the defendants' counsel. It was claimed that the money was advanced upon the contract, and, therefore, the parties to the contract must necessarily unite in the action on the note. But the contract itself provides that the defendants should give their note for the loan of the $1000, and says nothing as to whom shall be payee of such note. They have elected in part fulfillment of the agreement on their part to receive the money and promise to pay it to the plaintiff, individually, or to his order. This is not a void or voidable promise, but is perfectly valid and binding, for aught that appears in the case, and the plaintiff owning and holding the note, in his own right, was the only proper party to an action upon it.

The parties to the note and to the agreement are not the same. The note is no part of the agreement, but a separate and independent promise, made by the defendants in execution and fulfillment, *pro tanto*, of that part of the agreement on their part. The agreement is a collateral undertaking between the defendants and other par-

ties, one of whom, only, is the plaintiff. Where the note and the agreement are between different parties, cross actions must be resorted to, and not pleas in bar or answers by way of contradiction, founded upon the agreement. (2 *Pars*. *on Notes and Bills*, 537. *Salmon* v. *Webb*, 16 *Eng. Law and Eq*. 37.) The contract has no connection with the note except as it may be regarded as forming or establishing, in part, a consideration for the making of such note. The question of consideration does not arise in the case, and the note was severed from the contract by the act and consent of all the parties, at the time it was made and delivered.

A new trial must, therefore, be granted, with costs to abide the event.

[Monroe General Term, March 1, 1869. *E. D. Smith, Johnson*, and *J. C. Smith*, Justices.]